USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1338 RENE J. NADEAU, Plaintiff, Appellant, v. INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, U.S. District Judge] ____________________ Before Selya, Boudin and Stahl, Circuit Judges. ____________________ Rene J. Nadeau on brief pro se. Donald  K.  Stern, United States Attorney, Loretta  C.  Argrett, Assistant Attorney General, Teresa E. McLaughlin, Tax Division, Department of Justice, and Robert W. Metzler, Tax Division, Department of Justice, on brief for appellee. ____________________ July 29, 1997 ____________________ Per  Curiam. Upon careful review, it appears that the facts and legal arguments are adequately presented in the briefs and record and that our decision would not be significantly aided by oral argument. Accordingly, we deny appellant's request for oral argument. See 1st Cir. Loc. R. 34.1. We conclude that summary judgment was properly entered for the IRS with respect to plaintiff's claim under the Freedom of Information Act. Jurisdiction to grant relief under 5 U.S.C. S 552(a)(4)(B) exists only if there is "a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" United  States  Department  of  Justice v. Tax Analysts, 492 U.S. 136, 142 (1989). Here, in moving for summary judgment, the IRS presented affidavits establishing that there were no additional documents to be disclosed; in response, plaintiff relied on only conclusory statements and unsupported speculation. In those circumstances, there was no "genuine issue as to any material fact and . . . the moving party [was] entitled to a judgment as a matter of law." See Fed. R. Civ. P. 56(c); Medina-Munoz v. R.J.  Reynolds  Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). The Anti-Injunction Act, 26 U.S.C. S 7421(a), bars plaintiff's claim for injunction against tax collection. Neither the statutory nor the judicial exceptions to that Act -2- have any application here. See Enochs v. Williams  Packing  & Navigation Co., 370 U.S. 1, 7 (1962). Plaintiff has not briefed appellate arguments regarding his claims for a refund of amounts already collected and for damages, and those claims do not merit further discussion here. We also deny plaintiff's requests for orders "stopping" the levy and refunding amounts already collected and for reconsideration of the denial of a temporary injunction pending appeal. Affirmed. See 1st Cir. Loc. R. 27.1. -3-